## KNIGHT v. FISHER.

### (Circuit Court, E. D. Pennsylvania. November 10, 1893.)

### No. 10.

1. BANKS—DEPOSITS—INDIVIDUAL AND TRUST FUNDS—SET-OFF—RECEIVERS.
   Debts of a partner and his firm to a bank cannot in equity be set off by a receiver of the bank against trust moneys, which the partner, after the debts were contracted, mingled with the firm deposits, without the bank's knowledge, and the whole amount of which remained continuously in the bank until it failed.

2. TRIAL TO COURT—AGREED STATEMENT—WAIVER.
   A stipulation in an action of assumpsit to submit the case to the court on an agreed statement of facts, with like effect as though the same had been found by a jury, judgment to be entered for the party which the court finds entitled, waives all questions as to the remedy adopted, and judgment may be entered for the party having the equitable right, without inquiring whether the same could be enforced at law.

At Law. Action of assumpsit brought by Robert B. Knight, to the use of Burton Binns, assignee for the benefit of creditors of the Benevolent Order of Active Workers, against Benjamin F. Fisher, receiver of the Spring Garden National Bank. Judgment for plaintiff.

The case was submitted under the following stipulation and statement of facts:

It is hereby agreed by and between the parties to the above case that the following facts shall be submitted to the court for its opinion and judgment, with like effect as though the same had been found by the verdict of a jury. R. B. Knight, being about to leave the city of Philadelphia, gave on the twenty-eighth day of April, 1891, to N. T. Lewis, two thousand dollars, for safe-keeping. This money, with other money of the firm of N. T. Lewis & Sons, was, upon the thirtieth day of April, 1891, deposited to the credit of said firm in the Spring Garden National Bank, against which they had

the full right to draw checks at will. The bank officials had no notice that the money did not belong to the firm of N. T. Lewis & Sons, or that it had been handed to the said Lewis to keep for the said Knight. On the eighth day of May, 1891, the Spring Garden National Bank failed, and closed its doors, and subsequently the defendant was appointed receiver thereof. Upon the thirtieth day of April, after the deposit made upon said day, there stood to the credit of N. T. Lewis & Sons, upon the books of the said bank, the sum of $2,557.72, and at the time of the failure and appointment of the receiver as aforesaid there remained to the credit of said N. T. Lewis & Sons the sum of $3,002.75 upon the books of the said bank, and at no time between those dates was there less than $2,000 on deposit. The said Knight has not received any payment whatever on account of the two thousand dollars, either from the bank or the said Lewis.

The said Lewis, at the time of the failure, was the holder of $500 of the stock of the Spring Garden National Bank, and was duly assessed by the comptroller of the currency in said sum of $500, which, with interest from the 2d day of January, 1892, remains due and unpaid. He was further indebted upon a note dated March 30, 1891, and payable July 2, 1891, for $1,000, discounted March 30, 1891, by the said bank, for the said firm of N. T. Lewis & Sons, and by the said bank transferred to the clearing house association as collateral security for clearing-house certificates, which note remains due and unpaid. He was further indebted upon a note of Mary E. Gill, dated February 14, 1891, payable four months after date, for $52.64, upon which a payment of $27.57 has been made, the balance remaining due and unpaid, the said note having been discounted for the credit of N. T. Lewis & Sons, February 17, 1891. The defendant has refused and still refuses to pay the amount of the deposit, or a dividend thereon, either to Knight or Lewis. On the eighth day of March, 1893, the said Knight executed an assignment of all claims held by him against both N. T. Lewis and the defendant, to Burton Binns, Esq., assignee for the benefit of creditors of the Benevolent Order of Active Workers, as per copy hereto annexed.

If, on the above facts, the court shall be of opinion that the receiver is entitled to set off the said liability of Lewis as a stockholder of the Spring Garden National Bank, and the amount of said note of $1,000 and interest thereon from dates of maturity, against the claim of the plaintiff, then judgment to be entered for the defendant, but otherwise for the plaintiff, for the sum of two thousand dollars, with interest and costs. Each party reserves the right to take a writ of error from the decision of the court.

Henry Budd, for plaintiff.
Ellery P. Ingham, for defendant.

BUTLER, District Judge. The case is here on an agreed statement of facts. The only question is whether the defendant is entitled to set off the assessment made on Mr. Lewis' stock, and the $1,000 note discounted prior to the deposit sued for. If he is so entitled judgment must be entered (under the agreement) for the defendant, otherwise for the plaintiff. Any question which might have arisen respecting the remedy adopted, (a suit at law) is waived. If the money may be recovered in equity he is entitled to judgment; for in such case it is the plaintiff's and the proposed set-off cannot be allowed. If the note had been discounted after the deposit and therefore presumably on the faith of it, or the defendant's situation respecting it, or respecting the assessment, had been prejudiced by reason of the deposit being in Lewis & Sons' name, the result would be otherwise. Of course, the defendant cannot discharge a debt due the plaintiff by crediting it with a debt due by Mr. Lewis. If, as before suggested he had suffered disadvantage from the deposit being in Lewis & Sons' name, he would have a defense to

this extent. But he suffered no disadvantage. He did nothing whatever on the faith of the deposit, and has no just cause to complain of its payment to the plaintiff, if it is his.

We have nothing to do, therefore, but to decide whether the money, as between him and Lewis & Sons, is his. Mr. Lewis was his trustee for the $2,000—holding it for safe-keeping. He deposited it in bank, presumably in pursuance of his duty, though in his firm's name. It remained there until the bank closed, (a very few days later) and was then delivered to the receiver with other funds of the bank. Possibly it might be contended that the terms of the agreement do not render it clear that the money remained in the bank, though Lewis & Sons' deposits at no time thereafter fell below $2,000. No such suggestion, however, has been made. On the contrary the case was presented by both parties on the hypothesis that the money did continue in the bank; and this is manifestly what the agreement intended to express. Two thousand dollars remained there continuously; and in the very short period which elapsed between the deposit and the bank's failure, it is improbable that many changes occurred in the amount. The fact however if contested, might not be important. Money bears no earmark, and it is sufficient in such cases to trace the fund, as this is traced. The general subject has been so frequently and so fully discussed by the courts that nothing can profitably be added to what has been said. In the following cases it has been discussed with reference to the varied circumstances which they present: Frazier v. Bank, 8 Watts & S. 18; Bank v. Jones, 42 Pa. St. 536; Stair v. Bank, 55 Pa. St. 364; Bank v. King, 57 Pa. St. 202. Some English cases (suits at law) among them Sims v. Bond, 5 Barn. & Adol. 389, and Tassell v. Cooper, 9 C. B. 509, seem on first blush to be inharmonious with the foregoing authorities; but this arises from the fact that in England equity was not administered in common-law courts or through common-law forms, at the time; otherwise the apparent conflict would not exist. In Pennell v. Deffell, 23 Eng. Law & Eq. 460, the rule as administered there by chancery is stated and applied. It does not differ from that applied in the Pennsylvania cases cited. Without inquiring whether the plaintiff's right to follow and recover his property may be enforced by an action at law in this court, it is sufficient under the agreement as we have seen, that he certainly may do so in equity—in other words it is sufficient to find that the property is his.

Judgment will therefore be entered for the plaintiff.